IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA M. ADAMS, | : | CIVIL NO. 1:CV-11-0276 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CRAIG A. LOWE, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Alpha M. Adams, ("Adams"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the Pike County Correctional Facility, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 9, 2011. (Doc. No. 1.) Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

**I.  Background**

Adams states that he is a native and citizen of Sierra Leone.  He states that he first entered the United States on or about June 20, 1996 pursuant to a visiting visa.  He does not provide any details with respect to what activities led to his detention/removal by ICE other than to say he was ordered removed from the United States by an immigration judge on January 13, 2005, and did not pursue any appeals from the order.  He states that he was taken into ICE custody on May 5, 2010.   He does not reference any custody status review following his detention by ICE in January of 2005.  He states that ICE is unable to remove him to Sierra Leone or any other country and challenges his continued detention.  He seeks to be released from ICE

detention on supervision.[1]

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (I)  The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably

---

[1] While Adams states repeatedly that he seeks to be released due to ICE's inability to remove him, it seems at one point in the petition that he may also be challenging the fact of his removal from the United States. To the extent Adams raises such a claim, this is not the appropriate forum to do so. The REAL ID Act, Pub. L. No 109-13, 119 Stat. 231, provides that he exclusive remedy for challenging an order of removal is a petition for review field with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); see also id. § 1252(a)(5); Jordon v. Attorney Gen., 424 F.3d 320, 326 (3d Cir. 2005). Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." Kolkevich v. Attorney Gen., 501 F.3d 323, 329 (3d Cir. 2007).

2

foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, as clearly appears to be the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F. R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination concerning Adam's custody now lie with the HQPDU. There is no indication that Adams has filed a written request for release with the HQPDU. Consequently, ICE will be ordered to treat

3

the instant petition as a request for release under 8 C.F.R. § 241.13. An appropriate order accompanies this memorandum.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA M. ADAMS, | : | CIVIL NO. 1:CV-11-0276 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CRAIG A. LOWE, et al., | : | |
| Respondents | : | |

# ORDER

**AND NOW,** this 14th day of February, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days.

3. The Clerk of Court is directed to **close this case**.

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania